UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JODY SCOTT ROLLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:17-cv-00010 |
| | ) CHIEF JUDGE CRENSHAW |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is a Report and Recommendation ("R&R") from the Magistrate Judge (Doc. No. 23), recommending reversal of the final decision of the Commissioner and remanding the case to the Commissioner for further proceedings. The Commissioner filed timely objections. (Doc. No. 23.) After a de novo review of the record, the R&R is **ADOPTED IN PART** and **FOUND MOOT IN PART**.

Plaintiff suffers from fibromyalgia, coronary artery disease, generalized anxiety disorder, and depression. (Doc. No. 15 at 21.) The R&R recommends reversal because substantial evidence does not support the Administrative Law Judge's discussion of Plaintiff's mental disorders. (Doc. No. 22 at 17-22.) In determining that Plaintiff's mental disorders were not disabling, the ALJ misconstrued Plaintiff's testimony (Doc. No. 22 at 20 (citing Doc. No. 15 at 54)) and improperly discounted Plaintiff's credibility because of his lack of treatment for his mental disorder arising from a prior bad experience with therapy following a suicide attempt in 2009 (Doc. No. 22 (citing Doc. No. 15 at 48)). The Commissioner objects because the ALJ is allowed to (1) discount the

opinion of a consultative doctor and (2) discount Plaintiff's credibility when he is not seeking treatment.

The Commissioner's first objection is overruled because the R&R agrees that the ALJ is allowed to discount the opinion of the consultative examiner. While the R&R discusses Plaintiff's mental disability in the context of the opinion of C. Craig Farmer, Ph.D., it discusses whether substantial evidence supports the ALJ's determination that Plaintiff is not disabled because of her mental disability as a whole. (Doc. No. 22 at 17-22.) However, the R&R specifically states that the ALJ is not required to give good reasons for discounting Dr. Farmer's opinion. (Doc. No. 22 at 18 (citing Miller v. Comm'r of Soc. Sec., No. 4:13-cv-90, 2015 WL 630386, at *9 (E.D. Tenn. Feb. 11, 2015)). The Court finds that the R&R did not err in so holding.

The Commissioner's second objection is overruled because, as the R&R observed, "the very failure to seek treatment [may be] another symptom of the disorder itself." White v. Comm'r of Soc. Sec., 572 F.3d 272, 283 (6th Cir. 2009) (citing Pate-Fires v. Astrue, 564 F.3d 935, 945 (8th Cir. 2009)). While the Commissioner argues that White ultimately affirmed the final decision of the Commissioner, the court did so because there was "no evidence in the record explaining White's failure to seek treatment," and therefore a "'reasonable mind' might [ ] find that the lack of treatment . . . indicated an alleviation of White's symptoms." Id. at 284. Here, however, Plaintiff explained his lack of treatment by testifying that he was depressed and stopped treatment after a prior bad experience with therapy following an attempted suicide. (Doc. No. 22 at 20.) The ALJ did not discuss this testimony or find it either credible or not credible, and therefore substantial evidence does not support the ALJ's determination that Plaintiff's failure to seek treatment weighs against his credibility.

These, combined with the ALJ's mischaracterization of the incident when Plaintiff pulled a knife on his employer, require remand.[1] As such, the remainder of the R&R is moot. Upon remand, the Commissioner shall make a de novo determination of whether Plaintiff is entitled to Disability Insurance Benefits. Accordingly, the Commissioner's Objections (Doc. No. 23) are **OVERRULED**, the R&R (Doc. No. 22) is **ADOPTED IN PART** with respect to the finding that substantial evidence does not support the ALJ's disability determination on Plaintiff's mental health, **FOUND MOOT IN PART** in all other respects, Plaintiff's Motion for Judgment on the Administrative Record (Doc. No. 19) is **GRANTED**, and this case is **REMANDED** to the Commissioner under Sentence Four of 42 U.S.C. § 405(g). The Clerk shall enter judgment in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The incident where Plaintiff pulled a knife on his employer is thoroughly discussed in the R&R, and the Court adopts that discussion here. (Doc. No. 22 at 8-9, 20.)